IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DIRECTV, INC.,**

   **Plaintiff,**

              **CIVIL ACTION**
 vs.             **No. 03-2543-GTV**

**BRAD GRAHAM, et al.,**

   **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff DIRECTV, Inc. brings this action against *pro se* Defendant Patrick O'Connor, among others, alleging that Defendant O'Connor surreptitiously intercepted DIRECTV's satellite signal. After Defendant O'Connor failed to respond to Plaintiff's discovery requests, Plaintiff moved to have its requests for admissions propounded to Defendant O'Connor deemed admitted. The court granted Plaintiff's motion.

Plaintiff has now moved for partial summary judgment based on the requests for admissions that have been deemed admitted (Doc. 117). Defendant O'Connor failed to respond to the motion, and the court issued an order to show cause why the motion should not be granted as uncontested. Defendant O'Connor responded to the order to show cause in a timely manner, and the court allowed him to respond to the summary judgment motion out of time. Defendant O'Connor's response fails to comply with Fed. R. Civ. P. 56 or D. Kan. Rule 56.1. For the following reasons, the court grants Plaintiff's motion (Doc. 117).

1

# I.  STANDARDS FOR JUDGMENT

## A.  Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Lack of a genuine issue of material fact means that the evidence is such that no reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial.  Anderson, 477 U.S. at 256.  "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Id.  Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id.  The court must consider the record in the light most favorable to the nonmoving party.  Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984).

### B.  Standards as Applied to *Pro Se* Defendant

Because Defendant is proceeding *pro se*, the court affords him more leniency. Asselin v. Shawnee Mission Med. Ctr., Inc., 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for Defendant simply because he is proceeding *pro se*. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). While a court will liberally construe a *pro se* litigant's pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), a *pro se* litigant is still expected to follow fundamental procedural rules, Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); see also Gorsline v. United States Dep't of Def., No. 94-3152, 1994 WL 722943, at *3 n.4 (10th Cir. Dec. 20, 1994) ("The latitude given for a litigant's *pro se* status does not require the court to formulate arguments or evidence."); Cooper v. Davies, No. 94-3116, 1994 WL 454532, at *1 (10th Cir. Aug. 17, 1994) ("The relaxed treatment to which *pro se* cases are entitled does not excuse the requirement for production of evidence."). "The duty to admit or deny factual allegations is not too complex of a duty to require of *pro se* litigants. Consequently, the failure of a [defendant], *pro se* or otherwise, to admit or deny the veracity of facts set forth in a motion for summary judgment results in the facts being admitted." Beams v. Norton, 335 F. Supp. 2d 1135, 1140 (D. Kan. 2004).

### II.  FACTUAL BACKGROUND

The following facts are taken from the summary judgment record and are uncontroverted. Defendant O'Connor failed to properly controvert Plaintiff's facts. Absent proper opposition, the court considers Plaintiff's facts admitted. D. Kan. R. 56.1(a) ("All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless

specifically controverted by the statement of the opposing party."). The court has not considered the unsworn claims made by Defendant O'Connor in his response to the summary judgment motion because he has not offered admissible evidence in support of the claims. See Chaiken v. VV Pub. Corp., 119 F.3d 1018, 1033 (2d Cir. 1997) ("[U]nsworn letters do not satisfy the requirements of Fed. R. Civ. P. 56(e). . . .").

On or about June 9, 2001, Defendant O'Connor used a credit card to order two bootloaders from DSS PRO and/or Li Sang with the intent to use such devices to facilitate the unauthorized interception of DIRECTV's encrypted signal. A bootloader has the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's signal. At the time Defendant O'Connor purchased the bootloaders, he knew or should have known that the bootloaders had the primary design for and purpose of intercepting DIRECTV's signal without authorization. Defendant O'Connor also knew or should have known that the manufacture, assembly, distribution, sale, and/or possession of the bootloaders was illegal.

Defendant O'Connor received the bootloaders, and successfully used them to facilitate the unauthorized interception of DIRECTV's encrypted signal. He received and/or assisted others in receiving DIRECTV's satellite transmissions without authorization from or payment to DIRECTV. He knew or should have known that this activity was illegal.

### III. DISCUSSION

#### A. Count One - 47 U.S.C. § 605(a)

Plaintiff brings Count One of its Complaint for violations of 47 U.S.C. § 605(a). That statute prohibits the following practices:

4

> Except as authorized by chapter 119, Title 18, no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpoena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority.  No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. . . .

Section 605(e)(3)(C) provides that a civil right of action may be brought by persons aggrieved by any violation of Section 605(a).

The uncontroverted facts show that Defendant O'Connor knowingly received and/or assisted others in receiving DIRECTV's encrypted satellite transmissions without authorization from or payment to DIRECTV.  The court grants summary judgment as to this claim.

### B.  Count Two - 18 U.S.C. § 2511

Plaintiff brings Count Two pursuant to 18 U.S.C. § 2511.  The statute provides:

(1) Except as otherwise specifically provided in this chapter any person who--

(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; . . .

(c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason

5

> to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; [or]
>
> (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; . . .
>
> shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

The uncontroverted facts show that Defendant O'Connor intentionally intercepted, disclosed, and/or used the contents of Plaintiff's satellite transmissions without authorization from or payment to DIRECTV when he knew or should have known that his actions were illegal. The court grants summary judgment as to this claim.

### C.  Count Four - 47 U.S.C. § 605(e)(4)

Count Four is brought under 47 U.S.C. § 605(e)(4), which provides as follows:

> Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section, shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both.  For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

The uncontroverted facts show that Defendant O'Connor assisted others in receiving DIRECTV's encrypted satellite transmissions without authorization from or payment to DIRECTV.  In assisting others, he distributed the bootloaders, which he knew or had reason to know was primarily of assistance in the unauthorized decryption of DIRECTV's satellite programming without

authorization from or payment to DIRECTV. The court also grants summary judgment as to this claim.

### D. Counts Three and Five - 18 U.S.C. § 2512 and Conversion

Plaintiff has not moved for summary judgment as to Counts Three and Five. On its own motion, the court dismisses these counts for the reasons stated in DIRECTV, Inc. v. Hosey, 289 F. Supp. 2d 1259 (D. Kan. 2003) and DIRECTV, Inc. v. Lockwood, 311 F. Supp. 2d 1147 (D. Kan. 2004).

### E. Damages

Subsection (e) of 47 U.S.C. § 605 provides that an aggrieved party may recover statutory damages of not less than $10,000 or more than $100,000 for each violation of Section 605(e)(4). 47 U.S.C. § 605(e)(3)(C)(i)(II). The prevailing aggrieved party is also entitled to costs and reasonable attorney fees. Id. § 605(e)(3)(B)(iii).

Likewise, 18 U.S.C. § 2520 provides for statutory damages for violations of 18 U.S.C. § 2511. It authorizes statutory damages of $100 per day for each violation or $10,000, as well as punitive damages, costs, and reasonable attorney fees. 18 U.S.C. § 2520(b), (c).

Based on the uncontroverted facts in this case, Plaintiff is entitled to at least $10,000, plus reasonable attorney fees, costs, and post-judgment interest. Plaintiff has submitted evidence that it has incurred $73.75 in costs and $653.25 in attorney fees. The court determines that an award of $20,000 is warranted, based on Defendant's purchase of two bootloaders. See DIRECTV, Inc. v. Adkins, 320 F. Supp. 2d 474, 476-77 (W.D. Va. 2004) (awarding damages of $10,000 per device). Further support for this amount of statutory damages is provided by the amount of time

that Defendant was in possession of the bootloaders. It is reasonable to infer that he has used the devices for thirty-nine months. The average monthly bill sent to the top ten percent of DIRECTV's customers for the accounting period June 15 to July 14, 2000 was $204.56. At this rate, Defendant would have received a value of approximately $15,955.68 in DIRECTV programming. See King Vision Pay-Per-View Ltd. v. Spice Rest. & Lounge, 244 F. Supp. 2d 1173, 1179 (D. Kan. 2003) (assessing damages based on what the defendants would have been charged by the plaintiff for viewing television programming).

### F. Injunctive Relief

The Communications Act and the Surreptitious Interception Act also provide for injunctive relief. The Communications Act provides that "[t]he court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communications Act]." 47 U.S.C. § 605(e)(3)(B)(i). Likewise, 18 U.S.C. § 2520(b)(1) provides that the court may award "such preliminary and other equitable or declaratory relief as may be appropriate."

Based on the uncontroverted facts in this case, the court determines that injunctive relief is warranted, and hereby permanently enjoins Defendant O'Connor from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511.

IT IS, THEREFORE, BY THE COURT ORDERED that Plaintiff's motion for partial summary judgment (Doc. 117) is granted.

IT IS FURTHER BY THE COURT ORDERED that Counts Three and Five are dismissed.

IT IS FURTHER BY THE COURT ORDERED that judgment is entered for Plaintiff and

against Defendant O'Connor in the amount of $20,000. Plaintiff is further entitled to recover from Defendant O'Connor attorney fees in the amount of $653.25 and costs in the amount of $73.75. Post-judgment interest is also awarded at the legal rate in effect to accrue thereon from the date of this judgment. Defendant O'Connor is also permanently enjoined from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511.

Copies of this order shall be transmitted to counsel of record and *pro se* Defendant O'Connor.

The case is closed.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 16th day of February 2005.

>   /s/ G. T. VanBebber
>   G. Thomas VanBebber
>   United States Senior District Judge